The BENLEDI. See Case No. 807.

---

## Case No. 1,308.

### BENN et al. v. LECLERCQ et al.

[30 Leg. Int. 185;[1] 18 Int. Rev. Rec. 94; 5 Leg. Op. 145.]

Circuit Court, D. Massachusetts. May 17, 1873.

COPYRIGHT—DEPOSIT OF TITLE OF DRAMA—TITLE NOT ORIGINAL.

A person who deposits in the copyright office the title of a drama not original with himself, cannot secure such title to the exclusion of others who have applied such title to a dramatic composition founded on the same story, before the date of such deposit.

In equity. This is a suit in equity [by Walter Benn and others] to restrain the defendants [Carlotta Leclercq and Arthur Cheney] from the infringement of the plaintiffs' copyright by representing a play called "The New Magdalen." The title of the play copyrighted by the plaintiffs was in these words: "The New Magdalen, a drama in a prologue and three acts, adapted from Wilkie Collins' celebrated novel of the above title, by Walter Benn, author of sundry dramatic works, and with directions, cast of characters, etc." It appeared in defence that Wilkie Collins, a celebrated English author, had made and published a novel with the title of "The New Magdalen," and it was alleged that at the time of the deposit of title by the plaintiff, Mr. Benn, he had composed a drama under the same title partly adapted from the novel so far as it was published, and partly antici-

[1] [Reprinted from 30 Leg. Int. 185, by permission.]

pating the novel when the novel should be published. It was proved that before the deposit by Mr. Benn of the title, Mr. Collins had gone far in the completion of this drama. There was a hearing on Thursday afternoon on a motion for a temporary injunction, when the decision was reserved. The judge has now denied the motion. He said that the plaintiff by his copyright secures only the dramatic composition of which he is the author. He could not prevent others from composing or publishing a similar book on the same subject, provided they did not pirate from his book, but relied on their own intellectual and mental powers. It was clear that Mr. Benn could not be the originator of the title of the drama complained of. It was not original with him as a product of his own mind, nor as the title of a drama, Mr. Collins having applied it to an original drama before the plaintiff deposited it for copyright. The judge referred to the case of Osgood v. Allen, [Case No. 10,603,] recently decided in the district of Maine. He, however, said that cases might occur in which a title would be protected independent of the contents of the book. But they would not occur under the copyright laws, but under the common law provisions, which protect the stamp put on goods offered for sale, the protection being analogous to that granted in case of trademarks. But no such state of facts existed in this case as that the court would prohibit the use of the title on this ground.

G. S. Hillard and M. F. Dickinson, Jr., for plaintiffs.

W. D. Booth and T. W. Clarke, for defendants.

SHEPLEY, Circuit Judge. In this case a bill in equity was brought to enforce rights claimed by the plaintiff, Mr. Benn, under a copyright. On the 28th of February, 1873, he deposited with the librarian of congress the title of a drama, substantially in these words: "The New Magdalen, a drama in a prologue and three acts, adapted from Wilkie Collins' celebrated novel of the above title, by Walter Benn, author of sundry dramatic works, and with directions, cast of characters, etc." This is the title. It is not "The New Magdalen" alone, but it is the whole title as filed and recorded. By this deposit undoubtedly Mr. Benn would have secured the dramatic composition bearing the title he had deposited so far as it was original with him, provided he subsequently complied with the other provisions of the statute requisite to be performed to perfect the copyright. But in securing this product of his mind, the dramatic composition of which he is the author, he secures that only. And the rule applied in this court in numerous cases applies here also. He secures only that which was his own. He cannot prevent others from composing or publishing a similar book on the same subject, provided they do not pirate from his copy-

righted book, but rely on their own intellect and mental power. The rule is familiar, and the present case forms no exception to it. The complainant sets forth that defendant not only acts and represents a drama with the same title, but that it contains the same cast of characters, and that this cast is secured to him by the copyright. There is no evidence of this, for there is no evidence of the cast of characters of the complainant's play and no evidence that complainant's play has ever been performed at any place where defendants could have seen and copied it.

It appears in defence that Wilkie Collins, a celebrated English author, has made and published a novel under the title of "The New Magdalen." And at the time of the deposit of title by Mr. Benn it is claimed that he had composed a drama under the same title, partly adapted from the novel so far as it was published, and partly anticipating the story of the novel, where the novel was not published. It was proved that before the deposit by Mr. Benn of the title, Mr. Collins had gone very far in the completion of this drama. It is clear, then, that Mr. Benn cannot be the originator of the title of the drama complained of. It was not original with him as a product of his own mind, nor was it original as the title of a drama, for it was applied to an original drama by Mr. Collins before Mr. Benn deposited it for copyright. The case, then, presents this simple question: Can a person who deposits in the copyright office the title of a drama not original with himself, secure to himself such title to the exclusion of others who have applied such title to a dramatic composition, founded on the same story, before the date of such deposit? The statement of the proposition is its refutation. In Osgood v. Allen, [Case No. 10,603,] (the case on the proprietorship and use of the words "Young Folks," as a title or part of a title to a magazine or newspaper,) this court held as follows, and it sees no reason to change or reverse the doctrine there affirmed. It must not be understood that the court will not protect a title in any case. Cases may occur in which a title would be protected independently of the contents of the book. But they would not occur under the copyright laws. They would occur under the common law provisions, which protect the stamp put on goods offered for sale, and the protection would be analogous to that granted in case of trade marks. In that case it must be shown that the defendant had pirated an original title, the product of the copyrighters, not a title taken from a composition of the same class or character to which another author had already appropriated it. Now Mr. Collins cannot be charged with piracy of the title in this case, for he had used it as a title for a novel and a drama before Mr. Benn conceived the idea of depositing it for copyright. No such state of facts as that under which the court would prohibit the use of the title exists here. The dramatic composition

of plaintiff has not been represented. It follows from this that the injunction must be denied.